By the Court :
On the 19th day of April, 1901, Henry Gumble, Eugene M. Kerr, Edward' B. Dillon and William Fisher, constituted the civil service commission of the city of Columbus, Ohio, having been previously appointed and qualified as such under an act of the legislature passed April 14,1900 (94 Laws, 603), entitled an act to regulate and improve the civil service of cities of the grade and class of Columbus; and on that day the entire board was removed from office by the mayor of the city, John N. Hinkle, without notice or opportunity to be heard, by an order entered upon his records specifying as the ground of his order that they were incompetent for the duties of the office; and thereupon he appointed the defendants to constitute such board, who assumed to qualify and enter upon the duties of the board; and claim to hold the office and are interfering with the former members in the discharge of their duties. The prayer is that they may be required to show by what authority they do so, and that they may be ousted therefrom and enjoined from interfering with the members of the board in the discharge of their duties. The gist of the answer is that the board had misconstrued the *544 statute under which it had been created, and assumed when requested by the proper department to furnish but one candidate from the list of eligibles for appointment. The contention arises upon, the proper construction of section 5 of the act, which is as follows:
“Sec. 5. In case of any vacancy in the classified service of said city, notice shall be given the commission by the appointing power of said vacancy, and thereupon the commission shall certify in writing to the appointing power, the names, addresses and grades of the candidates, not exceeding three in number, for any such vacancy, whose names shall stand highest on the appropriate register, and it shall then be the duty of the appointing power to appoint on probation, to fill such vacancy, one of the said candidates whose name shall have been so certified.”
By a construction placed upon this section, in a rule adopted to that effect, the removed board claimed that it complied with the statute by furnishing the name of one such person, when requested to furnish names for the purpose of appointment. The construction placed on it by the mayor is that it requires' the board to furnish the names of three such persons, or at least two and for the refusal of the' board to adopt his construction he made the order of removal, on the ground of incompetency.
The court is of the opinion that the commission erred in the construction it placed on the statute. The fair construction is that they should certify to the proper, department when requested at least two names, on the other hand we think the mayor is in error in his claim that it should certify three names. But such error of judgment is not of itself evidence *545 of. such incompetency in the.board as would authorize its removal from office. Such errors frequently arise in the performance of their duties by public officers;, and it has not hitherto been regarded as an evidence of such ineora'petency as to require that they should be removed. We do not say that such a flagrant case might not occur as would require the exercise of such authority. Here, however, the construction of a statute is involved about which there is room' for an honest difference of opinion; and the proper remedy would have been a proceeding in mandamus, requiring them to certify , the number of names claimed by the mayor. This would have offered them an opportunity to be heard and to have obtained-a judicial construction of the statute. To remove an incumbent from office for an error of judgment in the construction of a statute that is open to doubt, and without an opportunity to be heard, seems rather too drastic-a remedy to be consistent with the liberal principles of our system of government.
Power is conferred on the mayor to remove any commissioner for incompetence, neglect of duty, malfeasance in office, habitual drunkenness, or gross immorality; and any manifest failure on the part of any commissioner to enforce the provisions of the act. The power is one that cannot be arbitrarily exercised. It requires charges to be made, supported by such a statement of facts as in judgment of law constitute the charge made; and an opportunity to the party to be heard. Whilst the court cannot pass on the truth of the facts alleged, or interfer with the discretion of the mayor in this regard, it may and will, when appealed to, pass on the sufficiency of the facts on \srhich the charges are made. State v. Hawkins, 44 *546 Ohio St., 98; State v. Bryson, 44 Ohio St., 457; State v. McLain, 58 Ohio St., 313; State v. Sullivan, 58 id., 513.
We cannot accept the claim of the defendants, that the power to remove the board of commissioners, or any of its members, in the mode adopted by the mayor, is conferred on him by what is termed the charter law. Whatever powers of removal are conferred by that act, they do not apply to the removal of the members of the civil service commission. It was created and the mode of removal provided for, by a subsequent act, which provides the grounds upon which a removal may be had. The proyisions of this act govern the case, and are in no way varied by the provisions of the charter law. To remove any of its members without properly formulated charges and without an opportunity to be heard, would hardly be consistent with the principle of civil service. ■ Men of the requisite character and ability would hardly accept the position under such circumstances.

Judgment of ouster; and induction of former hoard.